Law Offices of Ezra Spilke

1825 Foster Avenue, Suite 1K
Brooklyn, New York 11230
t: (718) 783-3682
e: ezra@spilkelaw.com
www.spilkelaw.com

Via ECF

July 27, 2026

The Honorable Andrew E. Krause
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

**MEMO ENDORSEMENT**

**Re: *United States v. Garrio*, No. 26 Mag. 421 (S.D.N.Y.)**

Dear Magistrate Judge Krause:

Scott Sherman and I represent Brian Joseph Garrio in the above-referenced matter, and we respectfully write to request that new counsel be appointed. Although past requests for new counsel have come from Mr. Garrio and were resolved without the need for Court intervention, Mr. Sherman and I now join the application. We now believe that the attorney-client relationship is irreparably broken, and communication between Mr. Garrio and counsel has irretrievably broken down. In addition, continued representation presents a conflict that counsel does not reasonably believe can be waived or reconciled with competent and diligent representation. Counsel cannot provide further details without revealing confidential information protected by Rule 1.6.

The Court previously scheduled a change-of-counsel hearing for July 7. We did not go forward on that day because Mr. Garrio reportedly refused to come to Court. We are not in a position to represent to the Court that, should a new such hearing be scheduled, Mr. Garrio would not again refuse to be produced. Nonetheless, we submit that circumstances now exist that would necessarily result in counsel being relieved, and the best thing for Mr. Garrio is to start over with new counsel without the need for a hearing. *Cf.* N.Y. Rules of Pro. Conduct R. 1.16 cmt. 3 ("The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient."). We appreciate the Court's considerate attention to this matter.

Over a period of several weeks in June 2026, the Court received multiple letters from Mr. Garrio requesting a change of counsel. An in-person substitution of counsel hearing was scheduled for July 7, 2026 at 2:30 p.m., but Mr. Garrio refused to attend that hearing, which prompted the Court to adjourn the hearing. The Court then understood that -- as Mr. Spilke references above -- Mr. Garrio's prior requests for new counsel had been resolved without the need for Court intervention.

In recent weeks, the Court has received three additional letters from Mr. Garrio requesting appointment of new counsel to represent him. The letters make clear that there has been a complete breakdown in communication between Mr. Garrio and Mr. Spilke that seriously jeopardizes effective legal representation. Mr. Spilke has now joined the request for substitution of counsel, and also has cited the breakdown in communication with Mr. Garrio. Accordingly, the Court finds that substitution of counsel is warranted at (***continued on next page***)

this time. It is also important to note, however, that while a criminal defendant has the right to counsel, he does not have the absolute constitutional right to appointed counsel of his own choosing. It is counsel's job to advise the defendant on the best course he or she thinks the defendant should follow based on the particular facts and circumstances of the case, and the attorney's knowledge of the law and experience. The facts in the case are the facts, and in most instances they will control what options are available to the defendant. **Another motion for the appointment of substitute counsel, after such a motion has previously been granted, is highly disfavored.**

In his most recent letters to the Court, Mr. Garrio has made expressly clear that he does not wish to be present for the appointment of substitute counsel. He has written the following: (1) "I don't need to tell you in person that Ezra Spilke needs relief." (2) "I implore you not to waste your time with a hearing and just appoint me new counsel." (3) "I already [expletive] told you a list of reasons. Replace my attorney. I do not need to go through the added stress of coming to court."

Accordingly, the Court hereby schedules a substitution of counsel hearing for Friday, August 7, 2026 at 2:00 p.m., at which the motion for appointment of substitute counsel will be granted. The hearing will take place by video, using the Webex teleconferencing platform. Mr. Garrio's attendance is excused, per his request. The Court will send the videoconference link to counsel prior to the proceeding. Any member of the public who wishes to attend this conference may do so by telephone by (1) dialing the meeting number: (855) 244-8681; (2) entering the conference ID: 23125035451; and (3) pressing pound (##) to enter the teleconference as a guest.

Mr. Spilke is directed to mail a copy of this order to Mr. Garrio.

The Clerk of Court is respectfully directed to mark the letter motion at ECF No. 16 as GRANTED.

Dated: July 29, 2026

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge